FRUGE, Judge ad hoc.
This suit arises out of a claim for reimbursement for services rendered by the plaintiff, Dr. Myron A. Walker, a duly licensed and practicing physician, to one Eugene Whitfield, wherein it is maintained that the defendant insurance company had incurred liability for medical and hospital expenses.
A companion suit brought by St. Francis Sanitarium & Training School for Nurses (Our Lady of the Lake Sanitarium) seeks to recover for hospital, services rendered to Eugene Whitfield at the behest of the same defendant insurance company.
As the issues in the two suits were more or less 'identical, they were, by agreement, consolidated for trial.
Eugene Whitfield, an employee of Edward Dwyer, was insured against liability under the Workmen’s Compensation Law of Louisiana by the defendant, was treated by plaintiff Dr. Myron A. Walker for injuries admittedly received in an accident arising out of and in the scope of his employment and remained a patient in Our Lady of the Lake Sanitarium, the other plaintiff, from June 14, 1946, until February 4, 1947, and from February 9, 1947 to February 15, 1947. Unfortunately the medical expenses exceeded the maximum of $500 fo,r such expenses as fixed by the Workmen’s Compensation Law of Louisiana, Act No. 20 o'f 1914, as amended.
The plaintiff, Dr. Myron A. Walker is claiming $500 for services rendered to the said Eugene Whitfield, which treatment consisted of operations, amputations and other medical attention. The claim of the other plaintiff, Our Lady of the Lake Sanitarium, is for $1,311.55 for operating room, surgical dressing and drugs, laboratory examinations and penicillin.
It is alleged by both plaintiffs that they undertook the treatment of Eugene Whitfield upon the representations and promises of an agent of the defendant, a Mr. Chees-borough, that the charges in connection with said treatment would be paid 'for by his principal, namely the defendant.
In both cases, exceptions of no cause and no right of action were filed by the defendant and said exceptions were referred to the merits.
After trial on the merits by the Lower Court, judgment was rendered in favor of defendant dismissing the suits o'f' plaintiffs. The Lower Court considered that no promise was made on behalf of the defendant to pay either plaintiff for.the services rendered to the patient Whitfield.
It is true that if defendant had entered into any primary obligation to pay either plaintiff for the service and treatment rendered Whitfield, the defendant would then be responsible to the plaintiffs for the costs of such services regardless of the $500 limitation fixed by the Workmen’s Compensation Law. Webb v. Shreveport Packing Company, Inc., La.App., 180 So. 843; O’Ferrall v. Nashville Bridge Company, 165 La. 963, 116 So. 399. On the other hand if defendant had not obligated itself to pay plaintiffs 'for. their services, the only obligation it would have for medical services furnished Whitfield would be resulting from its policy of insurance, which obligation it has already discharged..
This Court has carefully examined the record and is in accord with the findings of the Trial Judge. No where in-the record can be found any testimony to the *69 effect that Mr. Cheesborough, agent of the defendant, had promised or represented to either . plaintiff that the defendant, would pay for the services rendered Whitfield in excess of $500.
Furthermore, the Trial Judge had the occasion to see and hear the witnesses testify, and as repeatedly stated by this Court, it will not reverse any findings of fact by the Trial Judge unless manifest error is evident.
For these reasons assigned, the judgments appealed from are affirmed by sepá-rate decrees.
Accordingly the District Court Judgment dismissing plaintiff Myron A. Walker’s suit is affirmed.